SELLS et al. v. AUTOGRAPHIC REGISTER CO.

(Supreme Court, Appellate Division, First Department.   May 3, 1912.)

· 1. TRIAL (§ 5*)—SPECIAL TRIAL CALENDAR—SUPREME COURT.

Under subdivision 2 of rule 5 of rules for the regulation of Trial Terms of the Supreme Court, which provides that in an action on a negotiable instrument either party may, after the cause has been placed upon the general calendar, upon two days' notice to the opposite party, apply for an order placing the cause upon the special calendar for trial, the holder of a note made by defendant, but as to which defendant counterclaims on the ground that the note was part of the consideration for the purchase of stock in a corporation induced by plaintiff's fraudulent representations, and asks judgment for damages and for the cancellation of the note in suit and two others, is entitled to have the case tried at part 2 of the Trial Term; the nature of the defense being immaterial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 11, 12; Dec. Dig. § 5.*]

2. INJUNCTION (§ 26*)—SUBJECTS OF PROTECTION—ACTIONS.

The Supreme Court at Special Term, pending a suit for damages for fraudulent representations and for the cancellation of notes induced thereby, may enjoin prosecution of an action by the holder of the notes until after disposition of the pending action, or in a separate action brought therefor may enjoin enforcement of the note until after the disposition of the pending action.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

Appeal from Special Term, New York County.

Action by Elijah W. Sells and others against the Autographic Register Company.  From an order placing the case on the special calendar for trial, defendant appeals.  Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Justus P. Sheffield, of New York City, for appellant.
Vincente K. Smith, of New York City, for respondents.

INGRAHAM, P. J.   This action was brought to recover upon a promissory note made by the defendant whereby it promised to pay to the order of one Sells $4,736.87 with interest at 4 per cent.   The defendant admits the making of the note; denies knowledge or information sufficient to form a belief as to its indorsement by the payee or as to its protest for nonpayment, and then for a counterclaim sets up a cause of action against the plaintiffs and two other persons, alleging that the note in suit was part of the consideration for the purchase of stock in a corporation; that the defendant was induced to purchase that stock by the fraudulent misrepresentation of the plaintiffs and their associates; alleges damage by the fraud of $100,000; and asks judgment for that sum and that the note in suit and two other notes now held by the plaintiffs, but which were not due, should be delivered up and canceled. . Upon the pleadings and an affidavit plaintiffs moved to place this cause upon the calendar of part 2, Trial Term, for trial, under rule 5 of the rules for the regulation of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trial terms of the Supreme Court. That motion was granted, and from the order entered thereon the defendant appeals.

[1] This motion was made under subdivision 2 of rule 5 of the Trial Term rules. It is there provided that:

"In an action wherein the plaintiff seeks to recover a debt or liquidated demand upon a bond or other obligation for the payment of a specified sum of money; upon a bond or undertaking upon appeal, or upon a negotiable instrument, either party may, after the cause has been placed upon the general calendar, upon two days notice to the opposing party apply to the justice holding part 2 of the Trial Term for an order placing said cause upon the special calendar for trial, and said cause shall thereupon be tried and disposed of at part 2 of the Trial Term."

This rule provides for the prompt trial of action upon promissory notes or other negotiable instruments regardless of the time which will be consumed in the trial of the case or of the nature of the defense interposed. The defendant had given this promissory note. It was held by the plaintiffs, and the plaintiffs were entitled to maintain an action to recover upon it. No defense to the note is set up in answer, but by a counterclaim the defendant seeks to recover from the plaintiffs the damages that it sustained by reason of the plaintiffs' fraud in the transaction in which the note was given. It is stated in the papers that the defendant has brought an action against the plaintiffs and the others associated with them to recover damages for this fraud, and that it wants to try that case before this action is tried. The plaintiffs, however, wish to try their action upon the promissory note first, and under the rules established for the regulation of business at the Trial Terms are entitled to such trial. The rule is perfectly simple and speaks for itself. Under it the plaintiffs, suing on a promissory note, were entitled to have the case tried at part 2 of the Trial Term, and no defense that a defendant interposed could prevent such trial. [2] If the defendant wished to prevent the trial of this action until after he had disposed of his other action, it could apply to the Special Term for an injunction either in the suit in which he seeks the cancellation of the note or in an action in equity which he could bring for the purpose of enjoining the plaintiffs from enforcing the note pending the trial of its other action in which case, on giving security for the payment of the note and the other notes the payment of which he sought to enjoin, the Special Term would have the power to enjoin the prosecution of this action. There is no reason why the plaintiff should not be entitled to enforce his promissory note according to the rules and practice of the court merely because the defendant has elected to interpose a counterclaim in which, if he is successful upon the trial, would entitle him to an affirmative judgment against the plaintiffs in excess of the amount of the note in suit.

We think that the court below correctly interpreted this rule as providing for the preference of an action brought upon a promissory note irrespective of the defense interposed, and that the order appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.